In re Basil N. SPIRTOS, Debtor.

Basil N. SPIRTOS, Appellant,

v.

Irene MORENO, Appellee.

No. 91–56496.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1993.

Decided May 11, 1993.

Don Rothman, Sulmeyer, Kupetz, Baumann & Rothman, Susan R. Hilton, Revere, Rykoff & Wallace, Los Angeles, CA, for debtor-appellant.

Joseph L. Shalant, Los Angeles, CA, for appellee.

Before WALLACE, Chief Judge, and O'SCANNLAIN and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Dr. Basil N. Spirtos, Debtor, appeals the Bankruptcy Appellate Panel's (BAP) decision that Debtor's interest in two pension plans maintained by Debtor's medical corporation was not exempt under California law. We conclude that this appeal is not moot, but we vacate the decisions of the bankruptcy court and the BAP regarding exemption and remand the case for a determination of whether the plans are property of the bankruptcy estate.

## BACKGROUND FACTS

Debtor was the owner of Montebello Ob-Gyn Medical Group, Inc. In 1975, the corporation established two pension plans. Debtor was the administrator and major beneficiary of both plans.

From 1975 to 1981, the plans loaned $429,-805.16 to Debtor. On April 12, 1983, Irene Moreno obtained a medical malpractice judgment against Debtor. Debtor appealed and

posted a bond in the amount of $1,239,000, which operated to stay execution on the judgment. In August 1985, Debtor secured his loans from the plans by executing a deed of trust on his home in Arcadia, California, in favor of the plans. In November 1985, Debtor transferred his interest in real property in Carlsbad, California, valued at $250,000, to the plans. Moreno's judgment was affirmed on appeal on December 2, 1985, and she filed an abstract of judgment on July 21, 1986. Unfortunately, the company which provided Debtor's appeal bond was declared insolvent in November 1985, and Moreno received no money under the bond.

Debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on May 28, 1987, which was converted to Chapter 7 in February 1989. Debtor claimed that the pension plans were exempt,[1] pursuant to Cal.Civ.Proc.Code § 704.115 (West 1987), and Moreno objected. The bankruptcy court determined that the 1985 transactions, which provided collateral for the prior unsecured loans from the plans, cured any prior abuse of the plans and therefore the plans were exempt. Moreno appealed but did not obtain a stay of the bankruptcy court's decision. The BAP reversed. In a cogent decision it held that the bankruptcy court's finding was not supported by the record and was clearly erroneous. In the meantime, Spirtos stripped the plans of their assets.

## DISCUSSION

### A. *Mootness.*

In this appeal we are asked to determine whether the plans are exempt. If the plans were exempt, Debtor was free to deal with the plans as he wished. If the plans were not exempt, then Debtor may be liable to the estate for the unauthorized disposition of estate property, or may have his discharge denied or revoked. *See* 11 U.S.C. §§ 549(a), 727. As a matter of fact, the Chapter 7 Trustee has already filed actions in the bankruptcy court to recover Debtor's plan distribution for the estate.

 Debtor nevertheless asserts that because Moreno did not obtain a stay of the bankruptcy court's decision, and the plans' assets were distributed in 1990, the appeal is now moot. Debtor relies upon our line of cases which have held that an appeal becomes moot when, in the absence of a stay, events occur that make it impossible for the appellate court to fashion effective relief. *See In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (9th Cir.1981) (a reorganization plan had been implemented to the point that it was impossible to fashion effective relief for those who had relied upon it and an attempt to change it would create an "unmanageable" and "uncontrollable" situation); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 187, 193–95 (9th Cir.1977) (sales, leases and options had long since been consummated and reversing the district court orders which authorized them "would be ineffective to undo what [had] already been done." However, entirely separate appeal issues were not moot.); *see also In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1173 (9th Cir.1988) (in general, failure to stay a sale, including a foreclosure sale, will moot an appeal, although a sale to a creditor who is a party to an appeal will not moot the appeal if there is a right of redemption); *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1423 (9th Cir.1985) (appeal of order validating foreclosure sale of stock was moot when company directors had resigned and had been replaced by principals of the buyer at foreclosure); *In re Texaco, Inc.*, 92 B.R. 38, 45–50 (S.D.N.Y.1988) (piecemeal dismantling of a plan was not possible, so where it had been largely consummated appeal was moot). In addition, equitable principles may dictate that a case be dismissed when an appellant neglected to obtain a stay pending appeal and the rights of third parties have intervened. *See In re Roberts Farms*, 652 F.2d at 798.

While this line of cases does reflect important principles, we find it inapplicable here. It stems from the inability of an appellate court to fashion relief that is both effective and equitable. No such difficulties afflict the resolution of the issue before us. This case

---

1. Technically, it would not be the plans that are exempt, it would be Debtor's interest in them.

For convenience of reference, we refer to "the plans" in this opinion.

is much more like *In re International Environmental Dynamics, Inc.*, 718 F.2d 322 (9th Cir.1983). There the bankruptcy court approved interim fees for Donald M. Logan, counsel for certain creditors, over the objection of the bankruptcy trustee. The trustee for a creditor, Robin International, Inc., appealed, but failed to obtain a stay. The fees were paid. Logan contended that we could not implement effective relief and that it would be inequitable for us to consider the merits. We were not persuaded. We said:

> Neither of these grounds for our holding in *Roberts Farms* compels a finding of mootness in this case. Because Logan is a party to this appeal, this court could fashion effective relief by remanding with instructions to the bankruptcy court to order the return of erroneously disbursed funds. *Cf. Burbank Anti-Noise Group v. Goldschmidt*, 623 F.2d 115, 116 (9th Cir.1980) (per curiam), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981). Nor would it be inequitable to hear the merits of Robin's appeal. Logan has known since 1981 that Robin contests the bankruptcy court's order that he be paid from the certificate of deposit. We therefore conclude that this case is not moot and we have jurisdiction to hear Robin's appeal.

*Id.* 718 F.2d at 326; *see also In re Blumer*, 66 B.R. 109, 113 (Bankr. 9th Cir.1986) (where funds were paid out but the recipient was a party to the appeal, effective relief was possible because the recipient could be required to repay the funds and that could not be unfair), *aff'd*, 826 F.2d 1069 (9th Cir.1987). So too in this case. We can fashion effective relief by ordering Debtor, who is a party to this appeal, to return the money to the estate. Nor would it be inequitable to address the merits of the appeal. Debtor knew at the time he received and spent his plan distribution that Moreno had appealed the bankruptcy court's decision. Indeed, Debtor filed a notice of appeal to this court long after the assets were distributed. Under these circumstances, we conclude that this appeal is not moot.

### B. *Exclusion.*

■ Despite the fact that this appeal is not moot, we are faced with another difficulty. Before we can consider whether the plans are exempt pursuant to 11 U.S.C. § 522, it must first be determined whether the plans are property of the bankruptcy estate. Subsequent to the BAP's decision on the exemption issue, the Supreme Court held in *Patterson v. Shumate*, — U.S. —, —, —, 112 S.Ct. 2242, 2247–48, 119 L.Ed.2d 519 (1992), that ERISA–qualified plans may be excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2). At the time of the filing of the petition, Debtor did not claim that the plans were excluded, probably because prior to *Patterson* our cases made it plain that the fact of ERISA qualification would not suffice to exclude the plans from the estate. *See In re Reed*, 985 F.2d 1026, 1027 (9th Cir.1993). After *Patterson* was decided, Debtor filed an adversary proceeding in the bankruptcy court for a declaration that the plans are excluded from the estate under 11 U.S.C. § 541(c)(2).

Whether Debtor's plans are excluded from the estate is a question that should be addressed by the bankruptcy court in the first instance. The exemption question arises only if the plans are first determined to be property of the estate. 11 U.S.C. § 522(b). In fact, if the plans are not property of the estate, the bankruptcy court should not make a decision on the exemption question.

Therefore, we vacate the decisions of the bankruptcy court and the BAP regarding the exemption of the pension plans. We remand the case to the bankruptcy court for a determination of whether Debtor's interest in the plans is property of the estate. Upon a decision by the bankruptcy court that the plans are property of the estate, the bankruptcy court may, at the request of either party, reinstate its decision of December 19, 1989 that Debtor's interest in the plans is exempt. Any appeal from the exemption decision shall be taken to the BAP. Thereupon, the BAP may reinstate its decision of October 25, 1991, and either party may appeal that decision to this court.

## C. *Sanctions.*

Moreno has requested monetary sanctions against Debtor, pursuant to Fed. R.App.P. 38, or, in the alternative, has asked that the appeal be dismissed as an abuse of process because Debtor caused the plans to distribute all assets, spent his distribution for personal use, and filed this appeal knowing that the plans contained no funds. The distribution of plan assets does not render this appeal moot and the result of this appeal was not obvious. Notably, the bankruptcy court and the BAP reached different conclusions regarding the exemption question. Moreno's request for monetary sanctions is therefore denied. *In re Reed,* 940 F.2d 1317, 1324 (9th Cir.1991). For the same reasons, dismissal would not be appropriate. We certainly do not condone Spirtos's taking of an appeal to this court and then suggesting that he had caused the case to become moot even before the BAP ruled. However, the seeming sharpness of that practice was dulled by reality. Perhaps despite himself, his appeal was proper. Thus, our displeasure doesn't demand dismissal.

The decisions of the bankruptcy court and the BAP are **VACATED** and the case is **REMANDED** for a determination of whether Debtor's interest in the pension plans is property of the estate.