24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re BROOK VIEW APARTMENTS, a California limited
partnership, Debtor.
BROOK VIEW APARTMENTS, a California limited partnership,
Debtor-Appellant,
v.
REPUBLIC FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.
 No. 92-16606.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided May 2, 1994.
 
 Before: FLETCHER, KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brook View Apartments ("Brook View") is a California limited partnership whose principal asset was a 156-unit apartment complex in Mesa, Arizona. Republic Federal Savings and Loan Associations ("Republic") was the lender and first lienholder on the apartment complex and the rents therefrom. Brook View filed a voluntary petition under chapter 11 of the Bankruptcy Code. The bankruptcy court denied confirmation of Brook View's amended plan for reorganization and granted Republic relief from the automatic stay of 11 U.S.C. Sec. 362. The district court affirmed the bankruptcy court's decision. We now dismiss in part and affirm in part.
 
 
 3
 After filing its Notice of Appeal on August 31, 1992, Brook View filed a Motion for Stay of Order Pending Appeal with the district court. On September 3, 1992, the district court denied the motion. Brook View then filed a Motion for Stay of Order Pending Appeal with this Court. On October 19, 1992, this Court denied Brook View's motion.
 
 
 4
 Consequently, on or about November 5, 1992, Republic conducted a nonjudicial foreclosure sale of the apartment complex pursuant to Arizona law. The purchaser at the sale was an affiliate of Republic. Republic also retained approximately $200,000 in postpetition rents that were sequestered pending a resolution of the bankruptcy proceedings.
 
 
 5
 As we noted in In re Spirtos, 992 F.2d 1004, 1006 (9th Cir.1993), "an appeal becomes moot when, in the absence of a stay, events occur that make it impossible for the appellate court to fashion effective relief." For example, in In re Onouli-Kona Land Co., 846 F.2d 1170, 1171 (9th Cir.1988), we held:
 
 
 6
 Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal.
 
 
 7
 This rule is subject to two exceptions: (1) "where real property is sold to a creditor subject to the right of redemption;" and (2) "where state law would otherwise permit the transaction to be set aside." In re Mann, 907 F.2d 923, 926 (9th Cir.1990).
 
 
 8
 In the present case, Brook View failed to obtain a stay pending the appeal. The property was sold through a foreclosure sale, and Brook View does not argue that either of the two exceptions apply. In fact, Brook View virtually concedes that the appeal with respect to the real property is moot.
 
 
 9
 Brook View appealed two decisions: (1) the denial of confirmation of the plan of reorganization and (2) the granting of relief from the automatic stay. The bankruptcy court refused to confirm the plan because it found the plan to be not feasible. If the plan was not feasible when considered by the bankruptcy court, it is obviously not feasible now that the apartment complex has been sold. Even if we held that Republic's interest in the postpetition rents should not have been included in the value of its secured claim, the plan could not be confirmed because reorganization is not feasible after the sale of Brook View's principal asset. Thus, Brook View's appeal regarding the confirmation of the plan is moot.
 
 
 10
 Brook View's appeal of the lifting of the stay is also moot. In light of In re Onouli-Kona Land Co., we cannot undo the foreclosure sale. As for the postpetition rents, a court shall grant relief from the automatic stay if the debtor has no equity in the property and the "property is not necessary to an effective reorganization." 11 U.S.C. Sec. 362(d)(2). The sale of the apartment complex made an effective reorganization impossible. Brook View can no longer assert that the postpetition rents are "necessary to an effective reorganization." Therefore, Brook View's appeal regarding the lifting of the stay is moot.
 
 
 11
 Brook View asks us to hold that Republic's foreclosure against the apartment complex made Republic whole and to issue an order directing Republic to restore the postpetition rents to the estate. Because the award of the postpetition rents is like a money judgment, Brook View argues that we may grant relief. See In re Spirtos, 992 F.2d at 1006-07.
 
 
 12
 Because that portion of Brook View's appeal is arguably not moot, we affirm that portion of the district court's judgment. Republic had a perfected security interest in both the real property and the postpetition rents. The bankruptcy court and district court correctly determined that the value of Republic's interest in the postpetition rents must be added to the value of Republic's interest in the real property. First, the proper date to value collateral for purposes of plan confirmation is the date of confirmation, not the date of the petition. See 11 U.S.C. Sec. 506(a); In re Johnson, 145 B.R. 108, 113 (Bankr.S.D.Ga.1992); In re Landing Assocs., Ltd., 122 B.R. 288, 292-93 (Bankr.W.D.Tex.1990); 3 Collier on Bankruptcy p 506.04 (Lawrence P. King, ed., 15th ed. 1993). Brook View's reliance on 11 U.S.C. Sec. 502 is misplaced because Sec. 502 deals with the allowance of claims, not the extent to which allowed claims are secured for purposes of plan confirmation. Second, United Savings Ass'n v. Timbers of Inwood Forest Associates, 484 U.S. 365 (1988), holds that undersecured creditors are not entitled to adequate protection payments under 11 U.S.C. Sec. 362(d)(1) for the delay caused by the automatic stay in foreclosing on their collateral. Because this case does not involve adequate protection payments, Timbers is inapposite. Republic's security interest in the postpetition rents is authorized by 11 U.S.C. Sec. 552(b). Republic, therefore, was entitled to realize its security interest in the postpetition rents.
 
 
 13
 DISMISSED IN PART AND AFFIRMED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3