57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re MARINA INTERNATIONAL PROPERTIES, LTD., Debtor,
Abraham M. LURIE, Appellant,
v.
Richard A. HALDERMAN, Jr., Trustee; Bank of Montreal;
Marina Group of Companies, Appellees.
 No. 94-55309.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1995.*
Decided June 16, 1995.
 
 Before: PREGERSON, POOLE and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Abraham M. Lurie appeals the decision of the Bankruptcy Appellate Panel ("BAP") dismissing as moot his challenge to the plan of reorganization confirmed by the bankruptcy court. Lurie argues that he was the victim of a plot by his former partner to use the courts to squeeze him out of the partnership and strip him of his interests in the partnership. We have jurisdiction pursuant to 28 U.S.C. Sec. 158. We affirm the BAP's decision on mootness grounds.
 
 I. FACTS
 
 3
 The relevant facts are largely undisputed. Abraham M. Lurie and Real Property Management ("RPM"), a corporation wholly-owned by Lurie, were the sole partners of Marina International Properties, Ltd. ("MIPL"), a California partnership that owned ten properties in Marina del Rey. When MIPL experienced cash-flow problems, Lurie entered into negotiations with Sheikh Al-Ibrahim to secure additional funding. On June 21, 1989, MIPL and several entities owned by Al-Ibrahim ("the Marina Group") executed an agreement admitting the Marina Group as a general partner with a 49.9% interest in MIPL, in exchange for the Marina Group's investment of $21,830,000 in the partnership. The partnership then obtained an extension of its loan from its largest secured creditor, the Bank of Montreal ("BOM").
 
 
 4
 By 1990, however, MIPL required additional funding. On October 26, 1990, Lurie, RPM and the Marina Group entered into a binding letter of intent stating that Lurie would sell his interest in MIPL to the Marina Group, and requiring arbitration in the event of a dispute or default. The sale never occurred and the parties did not seek arbitration. In March 1991, the Marina Group filed an action in state court to dissolve the partnership. The state court appointed a receiver for MIPL, who suggested that MIPL file for bankruptcy.
 
 
 5
 On July 10, 1991, the receiver, with consent of the partners, filed a voluntary petition for Chapter 11 reorganization on behalf of MIPL. The Marina Group, Lurie, and BOM each proposed plans for reorganization. Lurie was forced to withdraw his plan when he was unable to secure sufficient funding. On April 19, 1993, the Marina Group, BOM and the trustee in bankruptcy proposed a Joint Consensual Modified Plan of Reorganization ("Joint Modified Plan") that dissolved MIPL, extinguished the equity interests of the Marina Group, Lurie and RPM, and transferred all of MIPL's assets to the "New Owners," another group of entities owned by Al-Ibrahim, in exchange for the New Owners' contribution of $10 million to the MIPL estate. Lurie objected to the Joint Modified Plan, claiming that it seized MIPL's assets for Al-Ibrahim in violation of the Marina Group's fiduciary duty to Lurie, that it was not proposed in good faith as required by 11 U.S.C. Sec. 1129(a)(3), and that it was not fair and equitable to Lurie pursuant to 11 U.S.C. Sec. 1129(b).
 
 
 6
 The bankruptcy court issued an order on April 30, 1993 confirming the Joint Modified Plan over Lurie's objection. Lurie failed to seek a stay of the bankruptcy court's order and the Plan was subsequently completed. The BAP dismissed Lurie's appeal as moot. Lurie now appeals to this court requesting that he be granted a constructive trust in 50.1% of the New Owners' holdings to be governed by the June 21, 1989 partnership agreement.
 
 II. STANDARD OF REVIEW
 
 7
 We review the decision of the BAP de novo. In re Johnston, 21 F.3d 323, 326 (9th Cir.1994); Aiona v. Judiciary of the State of Hawaii, 17 F.3d 1244 (9th Cir.1994). We review the bankruptcy court's conclusions of law de novo and its finding of facts under the clearly erroneous standard. Johnston, 21 F.3d at 326; In re Unicom Computer Corp., 13 F.3d 321, 323 (9th Cir.1994).
 
 III. MOOTNESS
 
 8
 Lurie claims that the Marina Group breached its fiduciary duty to the partnership by selling the partnership assets to the New Owners over Lurie's overt objection, and that it proposed its reorganization plan in bad faith to oust Lurie from the partnership and deprive him of his partnership interests.
 
 
 9
 Before we address these arguments, we must determine whether we could fashion any effective relief if Lurie prevailed. Lurie failed to seek a stay pending appeal. The Joint Modified Plan has been effected and appellees and other creditors have taken steps in reliance on the Plan. In general, a stay of an order must "be obtained if review on appeal is not to be foreclosed because of mootness." In re Roberts Farms, Inc., 652 F.2d 793, 796 (9th Cir.1981). This policy is intended to insure that actions taken in accordance with that order are not thereafter subject to reversal. Id.
 
 
 10
 A case will not be dismissed as moot, however, where courts find themselves able to "unscramble the eggs" and fashion relief that is both effective and equitable. Id.; see also In re Spirtos, 992 F.2d 1004, 1006 (9th Cir.1993). Lurie contends that this equitable exception applies to his case. Lurie argues that he is entitled to a 50.1% share of any benefits the partnership reaps prior to its termination. Lurie claims that since the New Owners are owned by the same persons who own the Marina Group, he should be granted a constructive trust in the New Owners' interests that will be governed by his earlier partnership agreement with the Marina Group.[1] He argues that this constructive trust will afford him relief without upsetting the actions taken in reliance on the Plan.
 
 
 11
 Lurie actually wants to dilute Al-Ibrahim's control of the newly reorganized company in order to remedy his loss of control in the former partnership. Lurie cannot obtain the relief he desires without asking this court to unravel the steps taken by appellees and third parties who are not parties to this appeal in reliance on the Joint Modified Plan. His case is indistinguishable from the classic cases of mootness in the bankruptcy context where "the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold," and where a party opposing a plan of reorganization has failed to obtain a stay, and the plan has been so far implemented that disapproval at the appellate level "would do nothing other than create an unmanageable, uncontrollable situation for the Bankruptcy Court." See In re Baker & Drake, Inc., 35 F.3d 1348, 1351 (9th Cir.1994) (citations omitted). Lurie is thus prevented from challenging the bankruptcy court's confirmation of the Joint Modified Plan by his failure to seek a stay pending appeal.
 
 
 12
 The decision of the Bankruptcy Appellate Panel is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Polly S. Higdon, Bankruptcy Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellees argue that because Lurie failed to raise the issue of constructive trust before the bankruptcy court, he cannot raise it on appeal. The issue before this court, however, is whether Lurie's appeal of the bankruptcy court order confirming the Joint Modified Plan over his objection is moot. We address the constructive trust not as an independent issue, but as an equitable remedy offered in furtherance of Lurie's objection to the confirmation of the Plan