107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Donald W. DUNLAP, Debtor.
Donald W. DUNLAP, Plaintiff-Appellant,
v.
NATIONAL BANK OF ALASKA, Defendant-Appellee.
 No. 95-36079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 27, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 13 debtor Donald W. Dunlap appeals pro se the district court's affirmance of the bankruptcy court's order modifying Dunlap's confirmation plan in favor of creditor National Bank of Alaska ("NBA"). The bankruptcy court held that pursuant to the Supreme Court's decision in Nobelman v. American Sav. (In re Nobelman), 508 U.S. 324 (1993), NBA's secured claim was reinstated to its full amount without regard to the strip down provisions contained in Dunlap's Chapter 13 plan of reorganization. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from a bankruptcy court, see Friedkin v. Sternberg (In re Sternberg), 85 F.3d 1400, 1404 (9th Cir.1996), and we affirm in part, vacate in part, and remand.
 
 
 3
 Dunlap contends that the bankruptcy court erred by ruling that NBA did not have to seek a stay pending NBA's appeal of the bankruptcy court's confirmation order. Dunlap claims that because NBA failed to obtain a stay, he was discharged upon the confirmation of his Chapter 13 plan and NBA's appeal was moot. This contention lacks merit.
 
 
 4
 In a Chapter 13 bankruptcy proceeding, a debtor is discharged only upon the bankruptcy court's order upon completion of the debtor's plan of reorganization, not upon confirmation of the debtor's plan. See 11 U.S.C. § 1328(a); cf. 11 U.S.C. § 1141(d)(1) (confirmation of debtor's Chapter 11 plan discharges debtor). Because Dunlap was not discharged and there was no substantial change in the circumstances between Dunlap and NBA, NBA's appeal was not moot. See Spirtos v. Moreno (In re Spirtos), 992 F.2d 1004, 1007 (9th Cir.1994) (case is not moot where court can fashion relief that is both effective and equitable). Accordingly, it was unnecessary for NBA to obtain a stay pending appeal when Dunlap's Chapter 13 plan was confirmed. Id.
 
 
 5
 We also reject Dunlap's contention that, pursuant to 11 U.S.C. § 1328(a), NBA's appeal was moot because payments under Dunlap's Chapter 13 plan were completed and he should have been granted a discharge. Section 1328(a) requires the bankruptcy court to grant the debtor a discharge "as soon as practicable" after the completion of all payments under the plan. 11 U.S.C. § 1328(a). Here, because of the ongoing bankruptcy litigation between Dunlap and NBA, it was not practicable to grant Dunlap a discharge as soon as he completed his payments. Id.
 
 
 6
 Dunlap also contends that the bankruptcy court erred by awarding attorney's fees and costs to NBA. This contention has merit.
 
 
 7
 "[W]here the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." Fobian v. Western Farm Credit Bank, 951 F.2d 1149, 1153 (9th Cir.1991). Although the deed of trust held by NBA contained provisions entitling NBA to attorney's fees and costs in bankruptcy proceedings, the litigation here involved solely issues of federal bankruptcy law. See id. (secured creditor who prevailed on objection to confirmation of Chapter 12 plan not entitled to attorney's fees because creditor's action was based on application of 11 U.S.C. §§ 506 & 1225). The bankruptcy court erred by holding that NBA was entitled to its fees and costs as set forth in the parties' deed of trust. See id.
 
 
 8
 Each side to bear its own costs.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3