216 F.3d 882 (9th Cir. 2000)
 In Re: S.S. RETAIL STORES CORPORATION, dba: Sesame Street General Stores, Debtor.
S.S. RETAIL STORES CORPORATION, dba: Sesame Street General Stores, Appellee,
v.
LINDA STANLEY EKSTROM, Trustee-Appellant.
 No. 99-16413
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted April 5, 2000--Pasadena, California
Filed June 30, 2000
 
 Daniel L. Kaplan, Washington, D.C., for the trustee-appellant.
 Jonathan Landers, San Francisco, California, for the debtor-appellee.
 Appeal from the United States District Court for the Northern District of California; Charles R. Breyer, District Judge, Presiding. D.C. No. CV-98-03794-CRBBefore: Procter Hug, Jr., Chief Judge, David R. Thompson, Circuit Judge, and Jane A. Restani, Court of International Trade Judge.[1]
 THOMPSON, Circuit Judge:
 
 OVERVIEW
 
 1
 After filing for Chapter 11 bankruptcy reorganization, S.S. Retail Corporation ("the Debtor") filed an application with the bankruptcy court to employ the law firm of Gibson, Dunn & Crutcher LLP ("Gibson, Dunn") as its counsel. The United States Trustee ("UST") objected, arguing Gibson, Dunn was not a "disinterested person" because one of its partners had served as an assistant secretary of the Debtor up until two weeks before the Debtor filed its petition in bankruptcy. The bankruptcy court held that any disqualification of the partner for lack of disinterestedness should not be imputed to Gibson, Dunn and approved Gibson, Dunn as the Debtor's counsel. The UST appealed to the district court. The district court dismissed the appeal, holding that the relief the UST sought was disgorgement of the fees and costs paid to Gibson, Dunn, and it would be inequitable to grant that relief. This appeal followed.
 
 
 2
 We have jurisdiction pursuant to 28 U.S.C. S 158(d), and we affirm. We conclude that the district court did not err by holding that it would be inequitable to require Gibson, Dunn to disgorge the fees and costs awarded by the bankruptcy court and thus we do not decide whether 11 U.S.C.S 327(a) requires that a partner's alleged disinterestedness be imputed to his law firm.
 
 BACKGROUND
 
 3
 The Debtor, after filing for Chapter 11 bankruptcy reorganization, filed an application with the bankruptcy court, pursuant to 11 U.S.C. S 327(a), seeking authorization to employ Gibson, Dunn as its counsel. In the application, the Debtor disclosed that Lawrence Calof, one of Gibson, Dunn's partners, had resigned as the Debtor's assistant secretary two weeks before the Debtor filed its Chapter 11 petition. Nevertheless, Gibson, Dunn asserted that it was a "disinterested person" under 11 U.S.C. S 101(14).
 
 
 4
 The UST filed an objection to the Debtor's application to employ Gibson, Dunn. The UST asserted that Calof's recent service as the Debtor's assistant secretary rendered Gibson, Dunn not a "disinterested person" pursuant toS 327(a) because a disinterested person must not have served as an officer of the debtor "within two years before the date of the filing of the [bankruptcy] petition." 11 U.S.C. S 101(14)(D). On May 23, 1996, over the UST's objection, the bankruptcy court authorized Gibson, Dunn's employment. Approximately two months later, the UST renewed its objection, and the bankruptcy court again approved Gibson, Dunn's employment, holding that even if Calof was not a "disinterested person," his interest was not attributable to Gibson, Dunn and thus Gibson, Dunn could serve as the Debtor's counsel.
 
 
 5
 The UST appealed the bankruptcy court's ruling to the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"). The BAP affirmed, concluding that although Calof was not a disinterested person and thus was himself disqualified to act as the Debtor's counsel, his disqualification was not attributable to Gibson, Dunn. The UST appealed the BAP's decision to this court. On December 17, 1998, we held that we did not have jurisdiction to review the bankruptcy court's order because it was not a final order as required by 28 U.S.C. S 158(d). See In re S.S. Retail Stores Corp., 162 F.3d 1230 (9th Cir. 1998).
 
 
 6
 Meanwhile, between January 9, 1997 and December 11, 1997, the bankruptcy court approved three fee applications filed by Gibson, Dunn, awarding Gibson, Dunn a total of $268,632.04 in fees and expenses. On July 9, 1998, the bankruptcy court approved Gibson, Dunn's last fee application for $20,155.24, and affirmed all previously awarded fees and expenses. In total, Gibson, Dunn received $288,787.28 in fees and expenses for serving as the Debtor's counsel during the bankruptcy proceedings. The UST objected to all of these fees, consistently contending that Gibson, Dunn was not a disinterested person and therefore should never have been employed as the Debtor's counsel.
 
 
 7
 On July 21, 1998, the bankruptcy court entered its final decree, closing the Debtor's bankruptcy case. Then armed with a final order, the UST appealed the bankruptcy court's approval of Gibson, Dunn as the Debtor's counsel. This time the UST appealed to the United States District Court. The district court dismissed the appeal, holding that it would be inequitable to require Gibson, Dunn to disgorge the fees and expenses it had been paid.
 
 
 8
 The UST appeals. The Debtor challenges the appeal, contending it is equitably moot. Alternatively, the Debtor argues that the district court's dismissal of the appeal should be affirmed on equitable grounds, and even if Calof is not a disinterested person, his interest should not be imputed to Gibson, Dunn.
 
 ANALYSIS
 I. Equitable Mootness
 
 9
 An appeal from a bankruptcy court's order is equitably moot "when, in the absence of a stay, events occur that make it impossible for the appellate court to fashion effective relief." In re Spirtos, 992 F.2d 1004, 1006 (9th Cir. 1993) (citing In re Roberts Farms, Inc., 652 F.2d 793 (9th Cir. 1981)). In Roberts Farms, we dismissed an appeal because the appellant did not obtain a stay of the bankruptcy court's confirmation of a Plan of Arrangement and, as a result, a significant portion of the plan had been carried out before the appeal could be heard. We reasoned that overruling the bankruptcy court's confirmation of the plan would "create an unmanageable, uncontrollable situation for the Bankruptcy Court" to undo the portion of the plan that had been carried out and thus the appeal was equitably moot. See Roberts Farms , 652 F.2d at 797.
 
 
 10
 We have also held, however, that an appellant's failure to obtain a stay before appealing a bankruptcy court's award of fees does not necessarily render the appeal equitably moot. See In re Cascade Roads, Inc., 34 F.3d 756 (9th Cir. 1994); In re Spirtos, 992 F.2d 1004 (9th Cir. 1993); In re International Envtl. Dynamics, Inc., 718 F.2d 322 (9th Cir. 1983). In International Environmental Dynamics, even though the appellant failed to obtain a stay before appealing the bankruptcy court's order granting the debtor's counsel attorney fees, we held that the appeal was not equitably moot because the counsel was a party before the bankruptcy court and knew the appellant contested the fee award. See International Envtl. Dynamics, 718 F.2d at 326; see also Cascade Roads, 34 F.3d at 761 (holding that an appeal was not equitably moot because the person who was issued the money was a party and was aware when the payment was made that the award would be appealed); Spirtos, 992 F.2d at 1006-07 (same).
 
 
 11
 Unlike Roberts Farms, an order compelling disgorgement of Gibson, Dunn's fees and expenses would not require the bankruptcy court to unravel a complicated bankruptcy plan. Rather, it would require only that one party disgorge money it has received, money that would then be distributed pursuant to the bankruptcy court's final decree.
 
 
 12
 In the present case, effective relief (ordering Gibson, Dunn to disgorge the fees and expenses it has been paid) may beafforded. The appeal is not equitably moot.
 
 II. Other Equitable Considerations
 
 13
 While the doctrine of equitable mootness focuses on whether it is, for all practical purposes, impossible to award effective relief, other equitable considerations center on whether it would be unfair to grant the requested relief. Therefore, even if an appeal is not equitably moot, a court may still hold that the equities weigh in favor of dismissing the appeal. See, e.g., In re Federated Dep't Stores, Inc., 44 F.3d 1310, 1320 (6th Cir. 1995) (holding that even though the appeal was not moot because effective relief was possible, it was inequitable to require that the debtor's counsel disgorge fees and costs awarded by the bankruptcy court).
 
 
 14
 In the present case, there are numerous factors weighing in favor of holding that it would be inequitable to require Gibson, Dunn to disgorge the bankruptcy court's award of fees and expenses. As a preliminary matter, Gibson, Dunn at all times fully disclosed that Calof had acted as the Debtor's assistant secretary up until two weeks before the Debtor filed its bankruptcy petition. Calof was never involved in Gibson, Dunn's representation of the Debtor during the bankruptcy case. Furthermore, there was no showing nor even any allegation that Gibson, Dunn acted improperly while serving as the Debtor's counsel. To the contrary, all the evidence indicates that Gibson, Dunn performed its services superbly. The creditors' committee never objected to Gibson, Dunn acting as the Debtor's counsel, nor did it raise any issue of impropriety.
 
 
 15
 Another factor to be considered is the failure of the UST to seek a stay order. In Roberts Farms, we alternatively held that it would be "inequitable for this court to consider the merits of the appeal" because the appellant's failure to obtain a stay caused a "comprehensive change of circumstances." Roberts Farms, 652 F.2d at 798. In this case, Gibson, Dunn continued to act as the Debtor's counsel pursuant to the bankruptcy court's orders. If the UST had obtained a stay of any of those orders, Gibson, Dunn might have been prevented from serving or opted not to continue to serve as the Debtor's counsel. In fact, the latter is what the UST argues Gibson, Dunn should have done. When, instead, and in the face of the UST's objections, Gibson, Dunn continued to serve the Debtor as its counsel, the UST contends it did so at its peril.
 
 
 16
 The rule the UST would have us adopt would be harsh and would create a difficult ethical dilemma for counsel. It would require a law firm to abandon its client whenever the UST objected to its employment, even though that employment had the blessing of two orders of the bankruptcy court and a decision of the BAP, albeit a BAP decision that was vacated because the order appealed from was not then final. Interestingly, when the UST obtained a final order and appealed to the United States District Court, the result, from a practical standpoint, was the same as the result from the appeal to the BAP.
 
 
 17
 Having considered all of the circumstances, we conclude the district court did not err by dismissing the UST's appeal on the ground that it would be inequitable to require Gibson, Dunn to disgorge the attorney fees and costs it has been paid.
 
 
 18
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.