In the Matter of: **Lawrence D. WRIGHT; Ann Marie Wright, Deceased, Debtors,**

**Olympic Coast Investment, Inc., Appellant,**

v.

**Darcy M. Crum, Chapter 7 Trustee, Appellee.**

No. 08–60050.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2009.*

Filed July 15, 2009.

Quentin M. Rhoades, Sullivan Tabaracci & Rhoades, P.C., Missoula, MT, for Appellant.

Darcy M. Crum, pro se.

Appeal from the Ninth Circuit Bankruptcy Appellate Panel, Hollowell, Montali, and Dunn, Bankruptcy Judges, Presiding. BAP No. MT–08–1164–MoDH.

Before: PREGERSON, RYMER and TASHIMA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Olympic Coast Investment, Inc. (OCI) appeals a memorandum decision of the Ninth Circuit Bankruptcy Appellate Panel (BAP), which affirmed the bankruptcy court's order overruling OCI's objection to the proposed bankruptcy distribution that did not include an unsecured claim for OCI, We review the BAP's determination that OCI's appeal was equitably moot *de novo, see Baker & Drake, Inc. v. Pub. Serv. Comm'n (In re Baker & Drake, Inc.),* 35 F.3d 1348, 1351 (9th Cir.1994), and we affirm.

OCI not only failed to obtain a stay from the bankruptcy court, it never even asked for one. *See Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.),* 652 F.2d 793, 795 (9th Cir.1981) ("Appellants did not at any time apply to the bankruptcy judge for a stay."); *cf. Focus Media, Inc. v. Nat'l Broad. Co. (In re Focus Media, Inc.),* 378 F.3d 916, 924 (9th Cir.2004) (distinguishing *Roberts Farms* and declining to apply the equitable mootness doctrine where the appellant requested a stay from the bankruptcy court but was denied).

OCI also failed to make any of the third-parties that would be affected by a decision on the merits—the unsecured creditors—party to its appeal. Although "unscrambl[ing] the eggs," *see Baker & Drake,* 35 F.3d at 1351, is theoretically possible through disgorgement of all the unsecured creditors, doing so is made all the more difficult when those unsecured creditors are not involved in the appeal. *See Arnold & Baker Farms v. United States ex rel. U.S. Farmers Home Admin. (In re Arnold & Baker Farms),* 85 F.3d 1415, 1420 (9th Cir.1996) ("The bankruptcy court could fashion effective relief simply

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

by ordering Western Cotton to return the 130 acres to Arnold and Baker."); *United States v. Arkison (In re Cascade Roads, Inc.),* 34 F.3d 756, 761 (9th Cir.1994) ("Given the trustee's notice and participation in this appeal, it would not be inequitable to [fashion effective relief]."); *Spirtos v. Moreno (In re Spirtos),* 992 F.2d 1004, 1007 (9th Cir.1993) ("We can fashion effective relief by ordering Debtor, who is a party to this appeal, to return the money to the estate."); *Salomon v. Logan (In re Int'l Envtl. Dynamics, Inc.),* 718 F.2d 322, 326 (9th Cir.1983) ("Because Logan is a party to this appeal, this court could fashion effective relief by remanding with instructions to the bankruptcy court to order the return of erroneously disbursed funds."). Under these circumstances, we agree with the BAP that allowing OCI to proceed with its appeal would be inequitable.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.