**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY L. BLIXSETH,<br><br>            Appellant,<br><br>   v.<br><br>YELLOWSTONE MOUNTAIN CLUB,<br>LLC; YELLOWSTONE CLUB<br>CONSTRUCTION COMPANY, LLC;<br>YELLOWSTONE DEVELOPMENT,<br>LLC,<br><br>            Debtors - Appellees,<br><br>BRIAN A. GLASSER, Esquire, Trustee of<br>Yellowstone Club Liquidating Trust,<br><br>            Appellee,<br><br>BLUE SKY RIDGE, LLC,<br><br>            Debtor - Appellee,<br><br>CROSS HARBOR CAPITAL<br>PARTNERS, LLC; CREDIT SUISSE,<br><br>            Appellees. | No. 13-35190<br><br>D.C. No. 2:11-cv-00065-SEH<br><br>MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| YELLOWSTONE MOUNTAIN CLUB, LLC; YELLOWSTONE CLUB CONSTRUCTION COMPANY, LLC; YELLOWSTONE DEVELOPMENT, LLC, | No. 13-35245 |
|---|---|
| | D.C. No. 2:11-cv-00065-SEH |

Debtors - Appellants,

BRIAN A. GLASSER, Esquire, Trustee of
Yellowstone Club Liquidating Trust,

Appellant,

BLUE SKY RIDGE, LLC,

Debtor - Appellant,

CROSS HARBOR CAPITAL
PARTNERS, LLC,

Appellant,

v.

TIMOTHY L. BLIXSETH,

Appellee.

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 4, 2014
Pasadena, California

Before: KOZINSKI, PAEZ, and BERZON, Circuit Judges.

Appellant Timothy L. Blixseth ("Blixseth") appeals the district court's order dismissing, for lack of appellate standing, his appeal from the bankruptcy court's order confirming the Third Amended Plan of Reorganization ("the Plan"). In a cross-appeal, Yellowstone Mountain Club, LLC, et al. ("the Debtors") argue that the district court erred in denying their motion to dismiss Blixseth's appeal on grounds of equitable mootness. We reverse in part, affirm in part, and remand.

(1)     To have standing to appeal an order of the bankruptcy court, an appellant must show he is a "person aggrieved"—that is, that he is "directly and adversely affected by the order of the bankruptcy court—that it diminish the appellant's property, increase its burdens, or detrimentally affect its rights." *Motor Vehicle Casualty Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 884 (9th Cir. 2012). One need not be a creditor of the estate to be a person aggrieved. *See, e.g.*, *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983).

The exculpation clause strips Blixseth of identifiable, affirmative legal claims, which are property. Called "choses in action" at common law, they have potential economic value. *See C.I.R. v. Banks*, 543 U.S. 426, 435-36 (2005); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807 (1985); *United States v. Stonehill*, 83 F.3d 1156, 1159 (9th Cir. 1996). Blixseth is therefore directly and

3

adversely affected pecuniarily by the order confirming the Plan and so has standing to appeal it. *See In re Thorpe*, 677 F.3d at 884. Accordingly, we REVERSE the district court's order dismissing Blixseth's appeal for lack of standing.

(2)   Equitable "[m]ootness is a jurisdictional issue which [this Court] review[s] de novo." *Baker & Drake, Inc. v. Pub. Serv. Comm'n of Nev. (In re Baker & Drake, Inc.)*, 35 F.3d 1348, 1351 (9th Cir. 1994). Considerations in determining whether an appeal of an order confirming a reorganization plan is equitably moot include: whether the party seeking relief has diligently sought a stay; whether the plan has been substantially consummated; and whether the rights of third parties have intervened. *In re Thorpe*, 677 F.3d at 880. Of particular relevance is "whether the bankruptcy court can [still] fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *Id.*; *see also Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1006 (9th Cir. 1993).

Blixseth did not seek a stay in this Court, and the Plan has been substantially consummated. Whether Blixseth's appeal as to the propriety of the exculpation clause is equitably moot thus depends on whether the bankruptcy court can still fashion effective and equitable relief short of vacating the Plan, an inquiry the

4

district court did not undertake in denying the Debtors' motion to dismiss Blixseth's appeal as equitably moot.

We hold Blixseth's appeal as to the exculpation clause is not equitably moot, because it is apparent that one or more remedies is still available. *See In re Thorpe*, 677 F.3d at 880.

We therefore AFFIRM, albeit on different grounds, the district court's conclusion that Blixseth's challenge to the exculpation clause is not equitably moot. We REMAND with instructions to consider Blixseth's challenges to the exculpation clause in the first instance.

(3) As to Blixseth's arguments that the bankruptcy court erred in approving the Settlement Term Sheet and in denying Blixseth's Rule 60(b) motion for relief from the Confirmation Order and that Blixseth is therefore entitled to be restored to the "*status quo ante*," his appeal is equitably moot. The relief Blixseth seeks as to these issues would require unraveling the Plan entirely. Because the Plan has been substantially consummated, it is not now possible to give Blixseth the broad remedies he seeks "without knocking the props out from under the Plan." *See In re Thorpe*, 677 F.3d at 880. His appeal as to these issues is therefore equitably moot.

The parties shall bear their own costs on appeal.

5

**AFFIRMED in part; REVERSED and REMANDED in part.**