NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PATRICK ALLEN JOHANNES, Debtor, _____ DEBORAH JOHANNES, Appellant, v. PATRICK ALLEN JOHANNES, Appellee. | No. 17-55749 D.C. No. 3:15-cv-02598-AJB-BGS MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 7, 2018
Pasadena, California

Before: WARDLAW, RAWLINSON, and HURWITZ, Circuit Judges.

Deborah Johannes appeals a district court judgment affirming the bankruptcy

court's confirmation of her ex-husband Patrick Johannes's Chapter 11 plan. We

have jurisdiction under 28 U.S.C. § 158(d)(1). Reviewing de novo, *see In re*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Cloobeck*, 788 F.3d 1243, 1245 (9th Cir. 2015), we affirm.

1. Although Deborah did not obtain a stay of the Chapter 11 plan, this appeal is neither equitably nor statutorily moot. On appeal, Deborah simply seeks an increased equalization payment for her community property interest in a business venture; any increased payment would be consistent with the plan's general structure, and no third party's rights would be affected. *See In re Spirtos*, 992 F.2d 1004, 1006 (9th Cir. 1993). Patrick is not a good faith purchaser of Deborah's community property interest for purposes of this litigation because the central issue is the valuation of the property. *See In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992).

2. The plan was not proposed in bad faith. Deborah does not dispute that Patrick was insolvent, and there is no evidence the plan harasses Deborah. *See In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994).

3. Deborah contends that the bankruptcy court made a "math error" in calculating the value of her community property share in Foothills Consulting, Inc. There was no such error. The bankruptcy court accepted the total valuation of Foothills proposed by Patrick's expert, which included a discount because of litigation against the venture threatened by Deborah. The court then ordered an equalization payment to Deborah equal to the expert's valuation of her 25% share in Foothills.

4. Deborah's real argument seems to be that the bankruptcy court should have

reduced the litigation discount in light of the uncertain merits of her claims. But, there was no evidence before the bankruptcy court that would have allowed it to reach such a conclusion. Both Patrick's and Deborah's valuation experts expressly declined to opine on the topic in reaching their opinions as to the value of Deborah's 25% share in Foothills. Because the valuation adopted by the bankruptcy court was supported by expert testimony, it was not clearly erroneous. *See Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010).

5. Deborah argues that the bankruptcy court erred in denying her motion for a new trial because she filed a post-trial notice offering to waive her claims against Foothills. The court did not abuse its discretion in deeming that filing "too little too late." Deborah knew at least eleven days before the two-day trial in the bankruptcy court that Patrick's expert would proffer testimony that her threat of litigation against Foothills affected its value, but she waited until two weeks after trial ended to file the conditional waiver; she offered no excuses either below or on appeal for her lack of diligence.

**AFFIRMED.**