**In re Eldon S. REED, Debtor.**

**Eldon S. REED, Appellant,**

v.

**Victoria C. DRUMMOND, Appellee.**

No. 90–15874.

United States Court of Appeals,
Ninth Circuit.

Feb. 12, 1993.

Gary H. Ashby, Fennemore Craig, Phoenix, AZ, for debtor-appellant.

Charles W. Lowe, Davis & Lowe, Phoenix, AZ, for trustee-appellee.

Before D.W. NELSON, CYNTHIA HOLCOMB HALL, and FERNANDEZ, Circuit Judges.

D.W. NELSON, Circuit Judge:

The Supreme Court, —— U.S. ——, 113 S.Ct. 314, 121 L.Ed.2d 235, remanded this case for further consideration in light of *Patterson v. Shumate*, 504 U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). We hereby withdraw our previous Opinion in this case, filed December 11, 1991, and substitute this Opinion.

In light of *Shumate*, we now reverse.

## BACKGROUND

Mr. Reed appeals the determination that his bankruptcy estate includes his ERISA-qualified pension plan. In 1988, Reed voluntarily filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Drummond, the appointed bankruptcy Trustee, sought to have Reed's ERISA-qualified pension plan included in the bankruptcy estate. The bankruptcy court determined that the plan was part of the bankruptcy estate, and the district court affirmed. In *Reed v. Drummond*, 951 F.2d 1046 (9th Cir.1991), we affirmed the district court, rejecting, *inter alia*, Reed's argument that the ERISA pension funds were excluded from the bankruptcy estate under § 541(c)(2) of the Bankruptcy Code.

Soon thereafter, the Supreme Court addressed this very issue in *Shumate*. Resolving a split among the circuits, the Supreme Court held that a pension plan containing an anti-alienation clause enforceable under ERISA was excluded from the bankruptcy estate pursuant to § 541(c)(2).

## DISCUSSION

Section 541 of the Bankruptcy Code, 11 U.S.C. § 541, governs the creation and content of the bankruptcy estate. The bankruptcy estate is broadly defined to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). An exception to the broad sweep of § 541(a)(1), however, is found in § 541(c)(2), which provides that:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2).

In *Shumate*, as in this case, the Debtor sought to exclude his ERISA pension plans from the bankruptcy estate pursuant to § 541(c)(2). The Supreme Court first determined that the reference in § 541(c)(2) to "applicable nonbankruptcy law" meant "any relevant nonbankruptcy law, including federal law such as ERISA." — U.S. at ——, 112 S.Ct. at 2247. Turning to ERISA, the Court then noted that 29 U.S.C. § 1056(d)(1) required each pension plan to have an anti-alienation provision and that such provisions were enforceable under 29 U.S.C. § 1104(a)(1)(D) and §§ 1132(a)(3) and (5). *Id.* The Court concluded that "[t]he anti-alienation provision required for ERISA qualification and contained in the Plan at issue ... constitutes an enforceable transfer restriction for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate." *Id.* at ——, 112 S.Ct. at 2248.

*Shumate* was decided contrary to the former law of this circuit.[1] We now follow the rule of *Shumate* and examine the instant case in its light.[2] The funds at issue are in an ERISA-qualified plan.[3] The anti-alienation provision required by ERISA is found in Article 8.05 of Reed's pension plan. Since this restriction on transfer is enforceable under ERISA, it satisfies § 541(c)(2) of the Bankruptcy Code, and the pension plan is accordingly excluded from the bankruptcy estate. Having disposed of the case on this ground, we do not reach Reed's other arguments.

REVERSED.

---

1. *See Daniel v. Security Pac. Nat'l Bank (In re Daniel),* 771 F.2d 1352, 1360 (9th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986) ("[Bankruptcy Code] § 541(c)(2) was intended to be a narrow reference to state 'spendthrift trust' law and not a broad reference to all other laws, including ERISA....") (emphasis omitted).

2. We note that another panel of this court has already recognized that *Shumate* "effectively overrules" *Daniel. Pitrat v. Garlikov,* 981 F.2d 1021, 1022 (9th Cir.1992).

3. Reed has maintained from the beginning that the pension fund is ERISA-qualified. Although it appears from the record that the Trustee briefly disputed this assertion in bankruptcy court, the argument was either resolved in Reed's favor or abandoned by the Trustee on appeal.