ORDER
Appellee Fogler’s petition for rehearing is granted and the orders filed December 21, 1992 are withdrawn. This Order does not affect the withdrawal of the October 25, 1991 opinion, 947 F.2d 419, and dissenting opinion.
OPINION
CHOY, Circuit Judge:
Ronald S. Garlikov and James Flindall filed voluntary petitions for bankruptcy protection under Chapter 7 of the bankruptcy code on April 29, 1988. Reda S. Garlikov filed a similar petition on June 1,1988. Ronald and Reda Garlikov (Garlikov) are husband and wife. Their cases were consolidated for joint administration.
Garlikov and Flindall (the Bankrupts) claimed that their interests in certain pension plans were either excludable from their respective bankruptcy estates or exempt from the claims of their creditors. GarlikoVs interest in these plans was approximately $1,200,000. FlindaH’s interest in these plans was approximately $1,800,000. Claude Pi-trat, as the bankruptcy trustee for Garlikov, and Stanley Fogler, as the bankruptcy trustee for Flindall (trustees), objected to the Bankrupts’ claims of exclusion and exemption. The bankruptcy court consolidated the Bankrupts’ cases for the limited purpose of determining the status of their pension plans.
The bankruptcy court found that the plans were subject to the claims of the Bankrupts’ creditors and, as a result of this finding, entered a partial summary judgment in favor of the trustee in Garlikov’s case, and summary judgment in favor of the trustee in Flindall’s case. The district court also consolidated the Bankrupts’ cases for the limited purpose of considering the bankruptcy court’s pension ruling and summarily affirmed the bankruptcy court’s decision.
On the basis of the Supreme Court’s recent decision in Patterson v. Shumate, — U.S. -, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), we reverse.
In Shumate the Supreme Court resolved a conflict among the circuits in holding that the phrase “applicable nonbankruptey law” contained in 11 U.S.C. § 541(c)(2) includes federal as well as state law and that an anti-alienation provision in an ERISA-qualified pension plan constitutes a restriction on transfer enforceable under “applicable non-bankruptcy law” for the purposes of the § 541(c)(2) exclusion of property from a debt- or’s bankruptcy estate. Id. at -, 112 S.Ct. at 2246-47. This decision effectively overrules Daniel v. Security Pac. Nat’l Bank (In re Daniel), 771 F.2d 1352 (9th Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986), in which we held that the phrase “applicable nonbankruptcy law” as contained in § 541(c)(2) was intended as a narrow reference to state spendthrift law and not as a broader reference to all other laws, including the anti-alienation and anti-assignment provisions of 29 U.S.C. § 1056(d)(1) (Employee Retirement Income Security Act) (ERISA). Id. at 1360.
Since Pitrat did not argue before the bankruptcy court or on this appeal that Garlikov’s plans are not ERISA-qualified, we assume the plans are qualified. Thus, given Shumate, we hold that the anti-alienation *226 provision required for ERISA qualification and contained in these plans constitute transfer restrictions for the purpose of the § 541(c)(2) exclusion of property from the bankruptcy estate. The district court’s decision on this issue is reversed.
Fogler contends that Flindall’s plans are not ERISA-qualified. It is not clear whether the bankruptcy court made a factual determination of this issue or simply assumed the plans were qualified for purposes of summary judgment. Therefore, we reverse the district court’s ruling and remand for consideration of this issue in light of Shumate.[1]
REVERSED as to Garlikov, and REVERSED AND REMANDED as to Flindall.

. Having decided the case on this ground, we need not reach the question of whether the plans qualify as spendthrift trusts under Arizona law and thus are excluded from the Bankrupts’ estates on that basis under § 541(c)(2), nor need we decide whether the plans qualify for exemption under 11 U.S.C. § 522(b)(2)(A).