**In re Laurence Charles RUETER; and Sharri Lorraine Rueter, Debtors.**

**Peter H. ARKISON, Trustee, Appellee,**

v.

**UPS THRIFT PLAN, Appellant.**

No. 91–36347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1993 *.

Memorandum Filed Oct. 15, 1993.

Order and Opinion Filed Dec. 8, 1993.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Bruce D. Corker, Perkins Coie, Seattle, WA, for appellant.

Peter H. Arkison, Bellingham, WA, for appellee.

Before: GOODWIN, SCHROEDER, PREGERSON, Circuit Judges.

## ORDER

The request for publication is GRANTED.

The memorandum disposition filed October 15, 1993, is redesignated as an authored opinion by Judge Goodwin.

## OPINION

GOODWIN, Circuit Judge:

Appellant UPS Thrift Plan (the "Plan") appeals the district court's judgment reversing the decision of the bankruptcy court, which granted the Plan's motion for summary judgment. The district court ordered the Plan to turn over to Appellee Peter H. Arkison, ("Trustee"), funds held on behalf of the debtors, Laurence Charles Rueter and Sharri Lorraine Rueter. We reverse and remand.

Mr. Rueter, a UPS delivery driver, and his wife filed a joint voluntary Chapter 7 bankruptcy petition on December 5, 1989. Mr. Rueter has been employed by UPS since July 5, 1979. UPS provides a pension and profit-sharing plan to employees that is designed to meet the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan contains an anti-alienation and anti-assignment provision as required by ERISA, 29 U.S.C. § 1056(d)(1). See Plan, Article XV.

Under the terms of the Plan, a participant may contribute up to six dollars a week. The most a participant can contribute annually is $312. These contributions are not matched by UPS. However, UPS may, in its discretion, make an annual profit-sharing contribution to the Plan. The Plan allows employees to withdraw their own contributions at any time and to withdraw employer contributions after two years. See Plan, Articles IX and XI.

After considering motions for summary judgment filed by the Plan and the Trustee, the bankruptcy court determined that the debtor's retirement funds in the Plan were not property of the bankruptcy estate because the Plan qualified as a spendthrift trust under Washington law. On appeal, the district court reversed the bankruptcy court and granted summary judgment to the Trustee.

The central issue is whether Mr. Rueter's bankruptcy estate includes his interest in the UPS Thrift Plan, an ERISA-qualified retirement plan.

Property of the bankruptcy estate is property in which the debtor has legal or equitable interest as of the commencement of the bankruptcy. 11 U.S.C. § 541(a)(1). The only exceptions to this broad definition are §§ 541(b) and 541(c)(2).

The Plan administrators contend that Rueter's interest in the Plan should be excluded from property of the estate under § 541(c)(2). Section 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under *applicable nonbankruptcy law* is enforceable in a case under this title." (Emphasis added). Thus, an interest in a trust that is subject to transfer restrictions under "applicable nonbankruptcy law" is not part of the bankruptcy estate.

The Supreme Court, in a case decided after the district court's decision, held that the anti-alienation provision in an ERISA-qualified pension plan constitutes a restriction on transfer that is enforceable under "applicable nonbankruptcy law." *See Patter-*

son v. Shumate, —— U.S. ——, ——–——, 112 S.Ct. 2242, 2247–48, 119 L.Ed.2d 519 (1992).

Shumate disapproved of contrary decisions of several circuits, including the Ninth Circuit, which limited the § 541(c)(2) exclusion to pension plans that qualify under state law as spendthrift trusts. Id. at —— n. 4, 112 S.Ct. at 2248 n. 4 (citing Daniel v. Security Pacific Nat. Bank (In re Daniel), 771 F.2d 1352 (9th Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986) (ERISA anti-alienation provision does not constitute "applicable nonbankruptcy law")). Another panel of this circuit has stated that Shumate "effectively overrules" In re Daniel. Pitrat v. Garlikov, 992 F.2d 224, 225 (9th Cir.1993); see also Reed v. Drummond (In re Reed), 985 F.2d 1026, 1027 n. 2 (9th Cir.1993).

The district court in this case rested its decision in favor of the Trustee on In re Daniel and its progeny.[1] Thus, the court focused its analysis on whether the Plan was a spendthrift trust. The court held that the Plan did not qualify as a spendthrift trust under Washington law, and thus, it did not qualify for the § 541(c)(2) exception.

Under Shumate, a court need look no further than whether the ERISA-qualified plan at issue has an anti-alienation provision that satisfies the literal terms of § 541(c)(2). —— U.S. at ——, 112 S.Ct. at 2246. Here, Article XV of Appellant's Plan does in fact contain an anti-alienation provision stating that "[n]o benefit or payment under the Plan ... shall be subject in any manner to anticipation, alienation. . . ." The Plan has been approved by the Internal Revenue Service as a qualified ERISA plan. See § 29 U.S.C. § 1056(d)(1) (ERISA anti-alienation requirement); 26 U.S.C. § 401(a)(13) (Internal Revenue Code definition of qualified ERISA trust).

Appellees contend that Shumate does not control because it involved a so-called "mandatory" pension plan funded only by employer contributions, whereas in this case, funds were voluntarily put into an ERISA savings plan by the debtor.

First, we note that it is arguable that the pension plan at issue in Shumate was what the Trustee characterizes as a "mandatory" pension plan over which the debtor had no control with regard to employer contributions.

In Shumate, the respondent, Joseph B. Shumate, Jr., was the president and chairman of the board of Coleman Furniture Co. ("Coleman"). He controlled 96 percent of the voting stock and had the power to appoint and control the board of directors. Shumate v. Patterson, 943 F.2d 362, 363 (4th Cir.1991), aff'd, Patterson v. Shumate, —— U.S. ——, ——, 112 S.Ct. 2242, 2245, 119 L.Ed.2d 519 (1992).[2] Thus, while Shumate may not have personally contributed his own funds to the plan, by virtue of his management position he had the ability to control Coleman's contributions.

But even if Shumate's pension fund could be deemed "mandatory" in the sense advanced by the Trustee here, this distinction makes no difference in this case. Both the plan in Shumate and the one at issue here are ERISA-qualified plans that are subject to a statutory anti-alienation provision. Thus, the Plan at issue here meets the requirement laid down by the Supreme Court in Shumate for exclusion under § 541(c)(2).

---

1. Before considering In re Daniel, the district court first held that federal law preempts Washington state statute RCW 6.15.020 (1987). That statute protects the pension benefits of employees from creditors, whether in or outside of bankruptcy, when the benefits plan is regulated by ERISA or subject to the federal tax code. See RCW 6.15.020(1)–(3) (1987); 1987 Final Legislative Report, 50th Wash. State Leg., S.B. 5080, ch. 64 at 193 (1987). The district court's decision on the preemption issue appears dictated by Mackey v. Lanier Collection Agency & Serv., 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988) (holding that state laws that affect employee benefit plans and refer to ERISA are preempted by ERISA § 514(a)). Nevertheless,

we need not decide the preemption issue here because under Shumate, creditors cannot reach ERISA-qualified pension plans.

2. The district court held that Shumate's interest in the plan should be included in his bankruptcy estate on the basis that Shumate's control over the pension was so complete so as not to qualify it as a spendthrift trust. Shumate, 943 F.2d at 363 (citing the trial court record). The Fourth Circuit, however, reversed, holding that the plan need not qualify for spendthrift trust status in order to be exempt under § 541(c)(2). Id. The Supreme Court subsequently affirmed the Court of Appeals.

Because this Plan qualifies for § 541(c)(2)'s exclusion as an ERISA-qualified pension plan, we need not reach the issue whether it also qualifies under state law as a spendthrift trust. We also need not discuss whether the Plan is exempt from the bankruptcy estate under § 522(b)(2)(A).

For the reasons discussed above, the district court's decision is REVERSED and REMANDED for reconsideration in light of *Shumate*.