**In re Stephen R. GURRY, Susan F. Gurry, Debtors.**

**No. 00–10356–SSM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Aug. 25, 2000.

Richard B. Hill, Poppleton, Garrett & Polott, P.C., Bethesda, MD, for Union Recovery Limited Partnership.

Tina M. McMillan, McMillan & Lang, P.C., Fairfax, VA, for debtor.

William McCarron, Gold, Morrison & Laughlin, P.C., McLean, VA, for H. Jason Gold, Chapter 7 Trustee.

## MEMORANDUM OPINION

STEPHEN S. MITCHELL,
Bankruptcy Judge.

A hearing was held in open court on August 1, 2000, on the objection of Union Recovery Limited Partnership ("Union Recovery") to the debtors' exemption of two individual retirement accounts ("IRAs") totaling approximately $65,400. The debtors and Union Recovery were present by counsel. The chapter 7 trustee, H. Jason Gold, was present by counsel but took no position and withdrew his own objection. The question presented is whether a debtor who is a participant in an ERISA-qualified 401(k) plan may, under the relevant Virginia exemption statute, claim an unlimited IRA exemption; or if not, at least claim the maximum amount that would otherwise be exempt without regard to the 401(k) plan. For the reasons stated, the court concludes that the debtors are not entitled to an unlimited IRA exemption, and that the exempt amount of the IRAs is limited by the amount in the 401(k) plan.

### Facts

Stephen R. Gurry and his wife, Susan F. Gurry, filed a joint voluntary chapter 7 petition in this court on February 2, 2000. Mr. Gurry was born on November 12, 1942, and was therefore 57 years old on the date the petition was filed. Mrs. Gurry's age is not disclosed by the record. On their schedule of assets, the debtors listed Mr. Gurry's interest in an "ERISA qualified" 401(k) plan valued at $61,000, together with two IRAs: a Franklin Fund IRA in the amount of $58,000.00 titled in Mr. Gurry's name, and a Salomon Smith Barney IRA in the amount of $7,400.00 titled in their joint names. They listed no secured or priority debt and $284,211.17 in general unsecured debt, the bulk of which consisted of a claim against them by Union

Recovery in the amount of $267,674.17.[1] On their schedules, they listed the 401(k) plan[2] as not being property of the bankruptcy estate, and they claimed an exemption for the two IRAs under Va.Code Ann. § 34–34.

The meeting of creditors was held on March 2, 2000. On March 29, 2000, Union Recovery filed the objection to exemptions that is currently before the court. On April 2, 2000, the chapter 7 trustee filed a somewhat more extensive objection to exemptions; however, he withdrew that objection at the August 1, 2000, hearing.

*Conclusions of Law and Discussion*

**I.**

■ The objection to exemptions was filed within 30 days of the conclusion of the meeting of creditors and is therefore timely. Fed.R.Bankr.P. 4003(b). This court has subject-matter jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference entered by the United States District Court for the Eastern District of Virginia on August 15, 1984. An objection to exemptions is a core proceeding in which final orders and judgments may be entered by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(B).

**II.**

■ Under § 541, Bankruptcy Code, the filing of a bankruptcy petition creates an "estate" composed of all legal and equitable interests of the debtor in property. An individual debtor, however, may "exempt from property of the estate"—and thus retain, free from the claims of the trustee and most creditors—either the property specified in § 522(d), Bankruptcy Code ("the Federal exemptions"), or, alternatively, the exemptions allowable under state law and general (nonbankruptcy) Federal law. § 522(b), Bankruptcy Code. A state is permitted, however, to "opt out" of allowing its residents to take advantage of the Federal exemptions. § 522(b)(1), Bankruptcy Code. Virginia has opted out, with the result that residents of Virginia filing bankruptcy petitions may claim only those exemptions allowable under Virginia law and general (nonbankruptcy) Federal law. Va.Code Ann. § 34–3.1; *In re Smith,* 45 B.R. 100 (Bankr.E.D.Va.1984).

**A.**

■ The state law exemptions available to Virginia residents are primarily set forth in Title 34 of the Code of Virginia (1950). Relevant to the present controversy is Va.Code Ann. § 34–34, which provides a specific exemption for interests in a "retirement plan." The term "retirement plan" is defined as a plan, account, or arrangement that is intended 'to satisfy certain specified provisions of the Internal Revenue Code. Va.Code Ann. § 34–34(A). Among these are I.R.C. § 401, which among other things governs employee retirement savings plans, and I.R.C. § 408, which governs IRAs. Essentially, an individual may hold exempt in a retirement plan an amount (excluding contributions made in the two-year period preceding the claim of exemption) that would pay a benefit of $17,500 per year for life beginning at age 65. Va.Code Ann. § 34–34(B) and (C); *In re Cathcart,* 203 B.R. 599, 602 (Bankr. E.D.Va.1996) For the purpose of computing that amount, the statute includes a table setting forth, by attained age, the cost of a $1.00 annual benefit. Va.Code Ann. § 34–34(C). The table shows that the cost of a $1.00 annual benefit for a person aged 57 is $3.9175. Accordingly,

---

1. The Union Recovery proof of claim reflects that judgment was entered in favor of Amresco New England II, L.P. against the debtors in the Superior Court of Hamden County, Massachusetts, on December 26, 1996, in the amount of $267,074.17. That judgment was assigned in 1998 to Premier Capital, ·Inc., which in turn assigned it to Union Recovery

in early 1999. With interest, the total claim comes to $368,765.78.

2. The schedules did not identify the plan by name; however, debtors' counsel in her brief identifies it as the CMS Information Services 401(k) Plan.

the amount that could be held exempt by a debtor whose attained age was 57 would be $17,500 times 3.9175, or $68,556.25. If a debtor has more than one "retirement plan," the aggregate amount that can be held exempt from all such accounts is the amount necessary to fund a single $17,500 per year annuity. Va.Code Ann. § 34–34(C). Additionally, if a husband and a wife are both beneficiaries of the same retirement plan and "are jointly subject to creditor process as to the same debt . . . and the debt . . . arose during the marriage," they may exempt, in the aggregate, only an amount that would provide a single $17,500 annual benefit. Va.Code Ann. § 34–34(F).

## B.

■ The debtors' first argument focuses on the recent amendment to § 34–34 that became effective July 1, 1999. That amendment provides as follows:

> H. A retirement plan established pursuant to §§ 408 and 408 A of the Internal Revenue Code is exempt to the same extent as that permitted under federal law for a qualified plan established pursuant to § 401 of the Internal Revenue Code.
>
> However, an individual who claims an exemption under federal law for any retirement plan established pursuant to §§ 401, 403(a), 403(b), 409 or § 457 of the Internal Revenue Code shall not be entitled to claim the exemption under this subsection for a retirement plan established pursuant to § 408 or § 408 A of the Internal Revenue Code.

Va.Code Ann. § 34–34(H). The thrust of the amendment is to give a debtor who has no ERISA-qualified retirement plan the right to an unlimited IRA exemption but to deny the unlimited exemption to a person who is covered by such a plan. *In re Hasse*, 246 B.R. 247, 251 (Bankr.E.D.Va. 2000). As this court observed in *Hasse:*

> Although there is no formal legislative history, the reason why the General Assembly might have wished to confer

such a benefit is not difficult to imagine. Employees who participate in a retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") are able, under the Supreme Court's holding in *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), to protect the entire value of their retirement in bankruptcy. By giving a person who is not covered by an ERISA-qualified plan the right to an unlimited IRA exemption, such a person would be put on an equal footing with an employee who is a participant in an ERISA-qualified plan.

*Id.*

■ The debtors' argument is essentially a semantic one. Section 34–34(H), as noted, permits an unlimited IRA exemption unless the individual also "claims an *exemption under federal law* for any retirement plan established pursuant to [§ ] 401 . . . of the Internal Revenue Code" (emphasis added). The debtors urge that in the strict technical sense they have not claimed an *exemption* with respect to the 401(k) plan, since the term "exemption" as used in bankruptcy refers to property of the bankruptcy estate that the debtor is permitted to retain. *In re Avis*, No. 95–12007–AM, 1996 WL 910911 at *8 & n. 9 (Bankr.E.D.Va.1996). Rather, they argue, a debtor's interest in a retirement savings trust established under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), is simply *excluded* from the otherwise comprehensive definition of "property of the estate." § 541(c)(2), Bankruptcy Code; *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). The debtors emphasize that although they listed Mr. Gurry's interest in the 401(k) plan on their schedule of assets, they did not claim it exempt on their schedule of exempt property, but instead simply annotated the schedule of assets to reflect that it was not property of the

bankruptcy estate.[3]

The simple answer to this argument is that there is not the slightest suggestion that the General Assembly, in drafting § 34–34(H), intended the term "exemption" to have only a specialized bankruptcy sense. Section 34–34 is not limited to debtors in bankruptcy but applies to judgment debtors generally. The term "exemption" is specifically defined for the purpose of Title 34, Code of Virginia, as meaning "protection from all forms of creditor process." Va.Code Ann. § 34–1. In this connection, there can be little doubt that a judgment debtor's interest in an ERISA-qualified retirement savings plan is, with certain statutory exceptions, protected from all forms of creditor process. 29 U.S.C. § 1056(d)(1); *See Guidry v. Sheet Metal Workers Nat. Pension Fund,* 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990). It is thus plainly "exempt" in the broad sense that "exemption" is defined in Title 34, Code of Virginia. Consequently, the court concludes that a debtor who has expressly claimed an exclusion under ERISA and § 541(c)(2), Bankruptcy Code of his or her interest in an ERISA-qualified 401(k) plan, has "claimed an exemption under Federal law" within the meaning of Section 34–34(H) and is therefore not entitled to the unlimited IRA exemption allowed by that subsection.

### C.

A more difficult issue is raised by the debtors' alternative argument. Although § 34–34(A) defines "retirement plan" is such a way as to include 401(k) plans, and although § 34–34(C) provides that "[i]f an individual has an interest in more than one retirement plan," the $17,500 annual benefit limitation "shall be applied as if all such retirement plans constituted a single plan," the debtors argue that the $61,000 in Mr. Gurry's 401(k) plan cannot be considered

in calculating the exempt amount of the IRAs. Accordingly, they urge, the full $68,556.25 exemption to which Mr. Gurry is entitled under § 34–34(C) may be applied to the two IRAs, which, as noted, total $65,400. This is so, the debtors say, for the simple reason that ERISA completely preempts state law. Such preemption, they contend, not only places the entire amount of the 401(k) plan beyond the reach of the trustee, but also prevents the balance in the 401(k) plan from being applied against the amount that can be held exempt in the non-ERISA retirement plans, namely, the two IRAs.

■■■ Such an argument, the court concludes, overstates the effect of Federal preemption. It is of course true that ERISA broadly preempts state law that "relate to" a covered plan. *Powell v. Chesapeake and Potomac Tel. Co. of Virginia,* 780 F.2d 419, 421 (4th Cir.1985) ("With certain stated exceptions, ERISA preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' governed by ERISA"); *In re Hanes,* 162 B.R. 733, 741 (Bankr.E.D.Va.1994). Accordingly, the entire amount of an ERISA-qualified retirement plan is protected from creditor process, notwithstanding that a state statute might provide only a partial exemption. What Congress has given, the states plainly cannot take away. However, it does not follow that the states cannot take into account what Congress has given in determining what state law benefits to extend, so long as the state statute does not burden or infringe upon the Federal statutory scheme. *See Custer v. Sweeney,* 89 F.3d 1156, 1166–67 (4th Cir.1996) (ERISA does not preempt state law actions which affect employee benefit plans "in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan") (holding that claim for legal malpractice by plan participant against plan's attorney

---

**3.** Union Recovery does not dispute that the 401(k) plan is indeed excluded from the debtors' bankruptcy estate under § 541(c)(2), Bankruptcy Code. Its objection goes only to

the two IRAs. The chapter 7 trustee had questioned whether the 401(k) plan was ERISA-qualified, but, as noted, the trustee's objection has now been withdrawn.

was not preempted by ERISA); *Keystone Chap., Assoc. Builders & Contractors, Inc. v. Foley,* 37 F.3d 945 (3d Cir.1994) (ERISA did not preempt state law requiring public works contractors to pay "prevailing minimum wage," the computation of which included employer contributions to ERISA plans); *Lawrence Paper Co. v. Gomez,* 257 Kan. 932, 897 P.2d 134 (1995) (ERISA did not preempt state worker compensation formula that took into account value of discontinued ERISA benefits). In this connection, Section 34–34 merely ensures that a financially-unfortunate debtor is able to protect at least some portion of a tax-qualified retirement plan, even if the plan is not ERISA-qualified.[4] While the statute cannot limit or burden the protections afforded by ERISA, it can protect, to what ever extent the state deems appropriate, retirement plans that do not come within ERISA's scope, such as individual retirement accounts. *See Patterson v. Shumate,* 504 U.S. at 763, 112 S.Ct. at 2249 (noting that individual retirement accounts are specifically excepted from ERISA's anti-alienation requirement); *see also Hanes,* 162 B.R. at 742 (applying Virginia garnishment exemption to debtor's interest in two non-ERISA retirement plans). The Virginia statute in question does not, in its application to IRAs, affect the calculation of benefits to the debtor or any other participant in the ERISA-qualified 401(k), nor does it otherwise impact the administration of that plan or impose any obligations or burdens on the employer or plan participants.

■ Because Virginia may validly take into account the funds protected from creditor process by ERISA in determining what amounts to protect in a retirement plan *not* covered by ERISA, the court has no reason to give Section 34–34(C) other than its natural and straight-forward read-

ing. Both the 401(k) plan and the two IRAs are "retirement plans" within the meaning of that section, which plainly provides that if an individual "has an interest in more than one retirement plan," the limitation on the amount that can be held exempt "shall be applied as if all such retirement plans constituted a single plan." As noted, the maximum amount that the debtor may hold exempt, given his attained age, is $68,556.25.[5] There was $61,000.00 in the 401(k) plan on the filing date. Since that amount does not exhaust the state law exemption, the debtor may exempt an additional $7,556.25 in the two IRAs. However, the remaining portion of the IRAs is not exempt.

### III.

A separate order will be entered sustaining Union Recovery's objection and disallowing the claim of exemption in the two IRAs to the extent that the balance in the two funds exceeds $7,556.25 in the aggregate.

---

4. Prior to the enactment of Va.Code Ann. § 34–34 in 1990, there was *no* exemption available to Virginia debtors, other than the $5,000.00 homestead exemption under Va. Code Ann. § 34–4, for interests in a self-settled retirement arrangement, such as an IRA.

5. As discussed, the $7,400.00 Salomon Smith Barney IRA is titled in the names of both debtors. Since Union Recovery's judgment is against both debtors, they are effectively limited to a single exemption. Va.Code Ann. § 34–34(F).