**Robert W. ABBATE and Julie Rae Abbate, Appellants,**

v.

**Barry W. SPEAR, Appellee.**

**No. CIV.A. 2:02cv799.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 4, 2003.

---

Debera F. Conlon, Office of the United States Trustee, Norfolk, VA, for trustee.

Edward F. Halloran, Kempsville Law Offices, Virginia Beach, VA, for appellants.

Edward F. Halloran, Kempsville Law Offices, Virginia Beach, for a represented by Halloran.

Barry Wayne Spear, Weinberg & Stein, Norfolk, VA, for appellee.

## *ORDER*

DOUMAR, District Judge.

Presently before the Court is this appeal by Robert W. Abbate and Julie Rae Abbate ("the Debtors") of the Bankruptcy Court's decision denying the Debtors' claimed exemption of Mr. Abbate's individual retirement accounts ("IRAs"). The Bankruptcy Court determined that the Debtors were not entitled to the IRA exemption because it exceeded the amount allowable for the exemption set forth in Virginia Code § 34–34. In determining the allowable exemption, the Bankruptcy Court considered the amount of the Debtors' 401(k) and IRA accounts. The legal issue on appeal is whether a debtor's 401(k) plan should be considered in calculating the amount of IRA funds eligible for exemption under Virginia's statutory exemption provisions. For the reasons discussed below, the Bankruptcy Court's decision is **AFFIRMED.**

## STATEMENT OF FACTS

Although this appeal turns purely on a question of law, the Court will recite the pertinent factual background. The facts of this case are not in dispute. *See* Appellants' Br. at 1–3; Appellee's Br. at 1–3. On February 18, 2002, the Debtors filed for protection under Chapter 7 of the United States Bankruptcy Code. Robert Ab-

bate's bankruptcy schedules included: (1) a 401(k) Plan at Fidelity Investments Subaru of America, Inc. in the amount of $50,000, (2) an IRA account with Morgan Stanley in the amount of $7,000, and (3) an IRA account with Alliance Global Investor Services in the amount of $1,200.[1] R. Tab 1, Schedule C. Mr. Abbate claimed both IRAs as exempt pursuant to Virginia Code § 34–34.[2] *Id.*

On April 12, 2002, the Bankruptcy Trustee, Barry Spear, filed several objections to the Debtors' claimed exemptions. R. Tab 3. The only objection pertinent to this appeal is the Trustee's assertion that Robert Abbate was not entitled to exempt any portion of his IRAs given the existence and amount of his 401(k) plan since it would exceed the maximum allowable under Virginia's exemption statute. *Id.* In support of his assertion, the Trustee cited *In re Gurry*, 253 B.R. 406 (Bankr.E.D.Va. 2000), for the proposition that a 401(k) is a retirement plan for purposes of Virginia Code § 34–34 and, consequently, must be considered when calculating the amount that a debtor is entitled to exempt. *Id.*

The Debtors responded by citing *In re Bissell*, 255 B.R. 402 (Bankr.E.D.Va.2000), as holding that a debtor's 401(k) fell outside of the bankruptcy estate entirely and should not be included in calculating the maximum allowable exemption. Given the apparent split of authority within the Eastern District of Virginia, the Bankruptcy Court judiciously took the matter under advisement to more closely scrutinize the

issue. *Spear v. Abbate*, No. 02–70993, slip op. at 2 (Bankr.E.D.Va. July 3, 2000).

On July 3, 2002, the Bankruptcy Court issued its opinion holding that the Debtors were not allowed to exempt Mr. Abbate's IRAs. *Id.* at 5. The Court held that a 401(k) plan is a retirement plan under Virginia Code § 34–34 and concluded that a 401(k) plan should be considered when calculating the maximum allowable exemption. *Id.* The Debtors subsequently filed the instant appeal, and it has now been fully briefed. Accordingly, the case is ripe for judicial review.

## STANDARD OF REVIEW

■ On appeal, a district court will review a bankruptcy court's findings of fact under a clearly erroneous standard. FED. R. BANKR. P. 8013. However, a bankruptcy court's conclusions of law are subject to de novo review. *Bunker v. Peyton*, 312 F.3d 145, 150 (4th Cir.2002). The issue presented on appeal is a question of law rather than fact. Therefore, this Court reviews the Bankruptcy Court's disallowance of the Debtors' exemption under the de novo standard.

## LEGAL ANALYSIS

■ The narrow legal issue before this Court is whether a debtor's 401(k) plan should be considered when calculating the maximum allowable exemption under Virginia Code § 34–34. The bankruptcy court judges in this District who have considered this question have come to differing conclusions and each conclusion has

---

1. These figures were taken from Schedule C of the Debtors' Bankruptcy Petition and represent approximate rather than exact amounts. The parties have apparently stipulated to the exact amounts but the Bankruptcy Court utilized the amounts listed in the Schedule C. Since it makes no difference in the outcome of this case, this Court will also utilize the approximate figures.

2. Julie Abbate claimed a separate IRA account with Alliance Global Investor Services in the amount of $1,200 as exempt. There has been no objection to her IRA exemption, and it is not before the Court on appeal.

been supported by a well-reasoned written opinion. Before analyzing the specific question presented, the Court will review some basic principles about the Bankruptcy Code and Virginia's statutory exemption scheme.

## I. The Bankruptcy Code and Virginia's Statutory Exemptions

The filing of a Chapter 7 petition creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1997). Once an estate is created, a debtor may exempt certain property. *Id.* at § 522(b). Exempted property is beyond the claims of the trustee and most creditors. *Id.* at § 522(c). Therefore, debtors have a strong incentive to exempt as much property as possible. The Bankruptcy Code allows a debtor to choose from two alternative schemes of exemptions. The debtor may select the specific federal bankruptcy exemptions listed in the Bankruptcy Code. *Id.* at § 522(d). Alternatively, a debtor may opt for the exemptions provided under state law and general (nonbankruptcy) federal law. *Id.* at § 522(b)(2). States are allowed to opt out of the federal exemption scheme, thereby restricting their citizens to the second alternative. Virginia has opted out of the federal exemption scheme. Va.Code Ann. § 34–3.1 (Michie 1996). Therefore, Virginia debtors may only exempt property as provided under state law and general federal law. *In re Hasse,* 246 B.R. 247, 250 (Bankr.E.D.Va.2000).

Exemptions available to Virginia residents under state law are set forth in Title 34 of the Code of Virginia. Of particular interest to the case at hand is Virginia Code § 34–34, which allows debtors to exempt certain retirement benefits. The Virginia exemption statute allows individuals to exempt an amount of their retire-ment plan that would pay a benefit of $17,500 per year for life beginning at age 65. Va.Code Ann. § 34–34(B) & (C) (Michie 1996). The statute provides a table based on the debtor's age to determine the amount of allowable exemption. *Id.* at § 34–34(C). The statute, in pertinent part, states:

B. The interest of an individual under a retirement plan shall be exempt from creditor process to the extent provided under this section. The exemption provided by this section shall be available whether such individual has an interest in the retirement plan as a participant, beneficiary, contingent annuitant, alternate payee, or otherwise.

C. The exemption provided under subsection B shall not apply to the extent that the interest of the individual in the retirement plan would provide an annual benefit in excess of $17,500. If an individual has an interest in more than one retirement plan, the limitation of this subsection C shall be applied as if all such retirement plans constituted a single plan. The amount required to provide an annual benefit of $17,500 shall be determined under the following table:

[table omitted]

*Id.* at § 34–34(B) & (C). For example, using Robert Abbate's age of 43, the table estimates the Cost of $1 of Annual Benefit as a factor of 1.2304. By multiplying the statutory factor, 1.2304, times the annual exemptible amount of $17,500, the Court calculates that Robert Abbate may exempt a total of $21,532.

If a debtor has an interest in more than one "retirement plan," then the total amount that can be held exempt from all such accounts can be no more than the amount necessary to provide the $17,500 per year annuity. *Id.* The term "retirement plan" is defined as "a plan, account, or arrangement that is intended to satisfy

the requirements of United States Internal Revenue Code §§ 401, 403(a), 403(b), 408, 408A, 409, or § 457." Va.Code Ann. § 34–34(A) (Michie 1996). Internal Revenue Code § 401 governs employee retirement savings plans and § 408 governs IRAs. *In re Hasse*, 246 B.R. 247, 251 (Bankr. E.D.Va.2000).

In 1999, the legislature amended Virginia Code § 34–34 by adding subsection (H), stating:

A retirement plan established pursuant to §§ 408 and 408A of the Internal Revenue Code is *exempt to the same extent as that permitted under federal law for a qualified plan established pursuant to § 401* of the Internal Revenue Code.

However, an individual who claims an exemption under federal law for any retirement plan established pursuant to §§ 401, 403(a), 403(b), 409 or § 457 of the Internal Revenue Code shall not be entitled to claim the exemption under this subsection for a retirement plan established pursuant to § 408 or § 408A of the Internal Revenue Code.

Va.Code Ann. § 34–34(H) (Michie 1996) (emphasis added). The thrust of the first paragraph of the amendment is to allow a debtor with a § 408 retirement plan, i.e. an IRA, to exempt that retirement plan to the same extent as federal law allows a debtor to exempt a § 401 retirement plan, subject to the limitation of the second paragraph.

In order to understand the effect of the 1999 amendment, it is necessary to understand how § 401 retirement plans are treated under federal law. Prior to 1992, the federal circuits had split on the question of whether a bankruptcy trustee could force the liquidation of a debtor's Employment Retirement Income Security Act ("ERISA") qualified pension plan in order

to satisfy creditors. *Patterson v. Shumate*, 504 U.S. 753, 757 n. 1, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). In *Patterson*, the Supreme Court examined the Bankruptcy Code's section regarding anti-alienation provisions, specifically the language stating "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2)(1997). The trustee argued that applicable nonbankruptcy law only included state law and, therefore, the anti-alienation provisions of qualified employee retirement plans under 26 U.S.C. § 401(a)(13) and Section 206(d)(1) of ERISA were not enforceable. *Patterson*, 504 U.S. at 759, 112 S.Ct. 2242. The Court rejected this argument and held that the anti-alienation provisions were enforceable based on the plain meaning of 11 U.S.C. § 541(c)(2). *Id.* The ultimate effect of the Court's holding is that a debtor's interest in an ERISA qualified retirement plan, such as a 401(k), is excluded from the bankruptcy estate and is unreachable by the trustee or creditors.

Given the holding in *Patterson*, the 1999 amendments to Virginia Code § 34–34 give a person not covered by a ERISA qualified plan the right to an unlimited IRA exemption. *In re Hasse*, 246 B.R. at 251. However, the second paragraph of § 34–34(H) makes it clear that "an individual who claims an exemption under federal law for any retirement plan established pursuant to § 401 ... shall not be entitled to claim the [unlimited] exemption" for an IRA. Va.Code Ann. § 34–34(H) (Michie 1996). Thus, a debtor that has a 401(k) plan and an IRA is entitled to exclude the 401(k) plan from the bankruptcy estate under *Patterson*, but is not entitled to an unlimited exemption of the IRA under Virginia

Code § 34–34(H).[3] But, our hypothetical debtor may qualify for a partial exemption of his IRA under Virginia Code § 34–34(C). Although § 34–34(C) makes it clear that multiple retirement plans will be treated "as if all such retirement plans constituted a single plan" when calculating the allowable exemption, it is less clear whether the a Federal Bankruptcy Court should consider the debtor's 401(k) plan when determining the partial IRA exemption necessary to provide him with a $17,500 annuity under Virginia law. That is the question before the Court today.

## II. Previous Interpretations of Virginia Code § 34–34

Prior to this appeal, two bankruptcy courts had interpreted Virginia Code § 34–34's provisions regarding whether a debtor's 401(k) plan should be considered when calculating the allowable exemption of a separate IRA. Both courts issued well-written opinions, but they came to opposite conclusions. In *In re Gurry*, the Court held that a debtor's interest in a 401(k) should be considered when determining the exemption of his IRA. 253 B.R. 406 (Bankr.E.D.Va.2000). The Bankruptcy Court in the instant case found *In re Gurry's* reasoning persuasive and the controlling law of the case. Whereas, in *In re Bissell*, the Court held that a debtor's interest in a 401(k) could not be considered. 255 B.R. 402 (Bankr.E.D.Va.2000). Since both the Appellants and the Appellee rely heavily on the decision favorable to their position, it is necessary to examine how the bankruptcy courts came to such differing conclusions.

Both *Gurry* and *Bissell* recognized that the critical question is whether a 401(k) plan is a "retirement plan" under Virginia Code § 34–34. If a 401(k) plan is a retirement plan, then it should be considered in calculating the allowable exemption of a separate IRA because § 34–34(C) provides that "[i]f an individual has an interest in more than one retirement plan," the $17,500 annual benefit limitation "shall be applied as if all such retirement plans constituted a single plan." Va.Code Ann. § 34–34(C) (Michie 1996). Given § 34–34(A)'s statutory definition of a retirement plan as "a plan, account, or arrangement that is intended to satisfy the requirements of United States Internal Revenue Code §§ 401, 403(a), 403(b), 408, 408A, 409, or § 457," it would seem clear that a 401(k) plan is a retirement plan. However, the effect of federal preemption of pension plans by ERISA must be considered. If § 34–34 includes ERISA qualified plans, such as 401(k)s, within its definition of retirement plans, then federal preemption could conceivably result in the invalidity of the state statute. The key distinction between *Bissell* and *Gurry* is the differing conclusions they came to regarding the issue of ERISA preemption.

In *Bissell*, the Court held that a 401(k) did not meet the definition of a retirement plan under § 34–34, even though the Virginia statute specifically referred to § 401, because to hold otherwise, in its opinion, would result in ERISA preemption. 255 B.R. at 418. The Court began its analysis by acknowledging that the plain meaning of § 34–34's definition of retirement plan seemed to include 401(k)s. *Id.* at 406. It then noted that the preemptive effects of

---

**3.** While the debtors in *Gurry* and *Bissell* argued that they were entitled to an unlimited exemption of a 401(k) **and** an IRA, the Abbate's limit their appeal to arguing for an unlimited exemption of Mr. Abbate's 401(k) and a limited exemption of his IRAs. *See*

Appellants' Br. at 2 ("The debtors contend that they are entitled to an unlimited exemption for the 401(k) plan and a limited exemption up to $21,532.00 or the full value of their IRAs, to include Mr. Abbate's two IRAs.").

ERISA are pervasive. *Id.* at 406–407("ERISA totally occupies the field."). ERISA's statutory language supports this conclusion stating that ERISA "shall supersede . . . any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a) (1998). The Court observed that ERISA preemption extends to state statutes consistent with ERISA but which attempt to provide additional protections for workers. *Bissell,* 255 B.R. at 407. After discussing the pervasiveness of ERISA, the Court discussed rules of statutory construction and concluded that, despite its plain meaning, § 34–34 should be construed to avoid ERISA preemption so as to preserve § 34–34's validity. *Id.* at 409. The Court then conducted an exhaustive analysis of the legislative history of § 34–34 in search of a legislative intent to exclude 401(k)s from the statutory definition of retirement plans. *Id.* at 410–418. The Court concluded that the General Assembly was aware of the potential for ERISA preemption and intended to "craft a statute around the preempted area." *Id.* at 420. In support of this proposition, the Court hung its hat on § 34–34's language that retirement plans include those "intended to qualify under 26 U.S.C. § 401." *Id.* The Court reasoned that the General Assembly sought to encompass retirement plans that intended to qualify under ERISA but failed to do so. *Id.* While this interpretation may seem somewhat strained, it became necessary once the Court found that including 401(k)s in the statutory definition would result in ERISA preemption.

In *Gurry,* Judge Mitchell utilized a much more straightforward approach and found that 401(k)s were included in § 34–34's definition of retirement plans. *In re Gurry,* 253 B.R. 406 (Bankr.E.D.Va.2000). The Court recognized that "ERISA broadly preempts state law that 'relate[s] to' a covered plan." *Id.* at 411 (quoting *Powell v. Chesapeake and Potomac Tel. Co. of Virginia,* 780 F.2d 419, 421 (4th Cir.1985)). However, Judge Mitchell reasoned that "it does not follow that the states cannot take into account what Congress has given in determining what state law benefits to extend, so long as the state statute does not burden or infringe upon the Federal statutory scheme." *Id.* The Court cited a plethora of cases holding that various state laws were not preempted by ERISA because their relation to ERISA was too remote or tenuous. *Id.* at 411–412. The Court held that because § 34–34 does not affect the calculation of benefits of ERISA-qualified 401(k)s, the statute did not "relate to" ERISA. *Id.* Judge Mitchell concluded,

> Because Virginia may validly take into account the funds protected from creditor process by ERISA in determining what amounts to protect in a retirement plan *not* covered by ERISA, the court has no reason to give Section 34–34(C) other than its natural and straight-forward reading. Both the 401(k) plan and the two IRAs are "retirement plans" within the meaning of that section, which plainly provides that if an individual "has an interest in more than one retirement plan," the limitation on the amount that can be held exempt "shall be applied as if all such retirement plans constituted a single plan."

*Id.* (emphasis in original).

## III. ERISA Preemption Analysis

After examining *Gurry* and *Bissell,* this Court concludes that the straightforward approach is, as usual, the better one to adopt. The Court finds including 401(k)s within the statutory definition of retirement plans would not result in preemption by ERISA. In reaching this conclusion, the Court is aided immeasurably

by Judge Payne's thoughtful analysis in *Phillips v. Bottoms*, 260 B.R. 393 (E.D.Va. 2000). In *Phillips*, the trustee sought to thwart the debtor's claim to a partial exemption of the debtor's IRA by arguing that § 34–34 was preempted by ERISA and was therefore not available to protect the IRA from claims by creditors. *Id.* at 396. Judge Payne began his analysis by acknowledging ERISA's broad preemption clause, but he went on to point out that ERISA contains a savings clause. *Id.* at 398. "Specifically, the savings clause provides that ERISA's preemption provision 'shall not be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States.'" *Id.*(quoting 29 U.S.C. § 1144(d)(1998)). The Court then cited *Gurry's* analysis with approval for the proposition that nothing in § 34–34 conflicts with ERISA. *Id.* at 399. Judge Payne recognized that the Bankruptcy Code explicitly contemplated that "state laws have a central role in defining applicable exemptions to be made in protecting property of the estate from the reach of the claims of creditors." *Id.* Judge Payne concluded,

> If this Court were to hold that ERISA preempted section 34–34 of the Virginia Code, the ability to implement and enforce the goals of the Bankruptcy Code would be impaired and modified because a state—here the Commonwealth of Virginia—would be precluded from setting appropriate exemption levels on retirement benefits even though Congress permitted it to do precisely that.

*Id.* at 402.

Although the United States Court of Appeals for the Fourth Circuit has not yet addressed ERISA's preemptive effects on state exemption statutes like Virginia's, several other circuits have. The majority of those circuits have held that ERISA's savings clause precluded preemption of state exemption statutes. *See In re Schlein*, 8 F.3d 745 (11th Cir.1993) (holding Florida exemption statute for employee benefit plans was not preempted by ERISA due to savings clause); *In re Vickers*, 954 F.2d 1426 (8th Cir.1992) (holding Missouri statute that exempted pension plan benefits from bankruptcy estate was not preempted due to savings clause); *In re Dyke*, 943 F.2d 1435 (5th Cir.1991) (holding Texas exemption law was not preempted by ERISA due to savings clause). *See also In re Weinhoeft*, 275 F.3d 604, 605 (7th Cir.2001) (acknowledging that exemption statutes dealing with IRAs are outside ERISA's scope and therefore not preempted). *But cf. Pitrat v. Garlikov*, 947 F.2d 419 (9th Cir.1991), *withdrawn*, 992 F.2d 224 (9th Cir.1993) (finding that ERISA's savings clause did not save Arizona exemption statute from preemption). In *Schlein*, the Court of Appeals for the Eleventh Circuit presented a convincing analysis for rejecting ERISA preemption of state exemption statutes, stating:

> The Bankruptcy Code was enacted as a comprehensive scheme to regulate debtor-creditor relationships after the filing of a bankruptcy petition. As part of this scheme, responsibility for defining what property debtors will take out of bankruptcy is shared with the states.
>
> . . . . .
>
> The district court's preemption conclusion was based upon its reasoning that "state law exemptions are not necessary to the enforcement of the Bankruptcy Code," which "can operate effectively without any state law." Evidently Congress did not think so, because it included in the Bankruptcy Code the provision, 11 U.S.C. § 522(b)(1), that gives states the authority to define exemptions.... [T]he language of the ERISA saving clause applies whenever preemption would alter or amend or modify any

federal law. A holding that state exemption statutes like the one involved in this case, are preempted would alter, amend, or modify the Bankruptcy Code's provision permitting states to set exemptions and the deliberate policy choices of Congress that underlie that provision. We do no believe that Congress intended that result.

8 F.3d 745, 753–754 (11th Cir.1993). This Court finds *Schlein's* reasoning persuasive and holds that § 34–34 is not preempted by ERISA.

## IV. "Retirement Plans" Include 401(k)s

 Once the issue of preemption is resolved, interpreting whether § 34–34's definition of retirement plans includes 401(k)s becomes straightforward. A federal court interpreting a state statute when the state supreme court has not addressed the issue should consider all of the authority that the state supreme court would. *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 512 (4th Cir. 1999). The Supreme Court of Virginia has held that the principal rule of statutory construction is the effectuation of legislative intent and "that intent is to be determined by the words in the statute." *Virginia Soc'y for Human Life, Inc. v. Caldwell*, 256 Va. 151, 500 S.E.2d 814, 816 (1998). It is only proper to limit the plain meaning of the statute if such a construction will preserve a statute's constitutionality. *Id.*, 500 S.E.2d at 817. Since the Court finds that ERISA does not jeopardize § 34–34's constitutionality, there is no need to go beyond the plain meaning of § 34–34. As discussed earlier, § 34–34(A) explicitly states that a retirement plan is "a plan, account, or arrangement that is intended to satisfy the requirements of United States Internal Revenue Code § 401...." Under the plain meaning of the statute, Mr. Abbate's 401(k) plan is a retirement plan.

## V. The Impact of Adopting Section 34–34's Plain Meaning

The effect of finding that a 401(k) plan meets the definition of a retirement plan under § 34–34 is twofold. First, it prevents a debtor who has exempted a 401(k) from claiming, under § 34–34(H), an unlimited exemption for an IRA. Section 34–34(H) states that "an individual who claims an exemption under federal law for any retirement plan established pursuant to § 401 ... shall not be entitled to claim the [unlimited] exemption under this subsection..." for an IRA. As discussed above, the Debtors concede this result and argue only that they are entitled to an unlimited exemption of Mr. Abbate's 401(k) and a partial exemption of his IRAs. Appellants' Br. at 2. The Debtors' argument is that when calculating the partial exemption of Mr. Abbate's IRAs, the value of his excluded 401(k) should not be considered. *Id.* at 5. Thus, in adding figures to determine a statutorily fixed amount, you should ignore what the statute says to include.

The second result of finding that a 401(k) meets the statutory definition of retirement plan under § 34–34 mandates that a debtor's interest in a 401(k) plan be considered when calculating any partial exemption of IRAs. When an "individual has an interest in more than one retirement plan, the [formulaic] limitation of subsection C shall be applied *as if all such retirement plans constituted a single plan*." Va.Code Ann. § 34–34(C) (Michie 1996) (emphasis added). Both Debtors' 401(k) plan and IRAs are "retirement plans" under § 34–34, and therefore, they should be aggregated for purposes of determining any allowable partial exemption of the IRAs. Since the value of the exempt 401(k), approximately $50,000, exceeds the allowable total exemption of $21,532 (the amount required to yield the statutory $17,500 annuity), no portion of the IRAs may be exempted.

The Appellants contend that allowing states to consider a debtor's 401(k) plan would violate the Supreme Court's holding in *Patterson v. Shumate*. Appellants' Br. at 7. *Patterson* makes clear that ERISA qualified pension plans are excluded from the bankruptcy estate. 504 U.S. at 758, 112 S.Ct. 2242. However, there is nothing in the Supreme Court's decision in *Patterson* that suggests that states must completely ignore a debtor's 401(k) in determining the appropriate amount of state exemption to be afforded non-ERISA retirement plans. This is merely a determination of the amount of state exemption not a federal one. It would be a significant expansion of *Patterson* to read it in such a manner, and the Court declines to do so.

## CONCLUSION

It is Virginia law that defines the nature and extent of the exemption. This case was merely a limitation of the amount of the exemption created under Virginia law. The Court finds that ERISA does not preempt Virginia Code § 34–34. The Court adopts the plain meaning of § 34–34, and the Court finds that Mr. Abbate's 401(k) plan is a "retirement plan" under the statute. As such, his 401(k) plan should be considered in determining the allowable partial exemption of his IRAs. Since the amount of his exempted 401(k) plan is in excess of the $21,532 exemption limit, the Debtors may not exempt any portion of their IRA accounts. Accordingly, the Bankruptcy Court's decision is **AFFIRMED**.

The Clerk of the Court is **DIRECTED** to mail a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**